John P. SULLIVAN, Defendant,
Appellant,

v.

UNITED STATES of America,
Appellee.

No. 4855.

United States Court of Appeals
First Circuit.

April 26, 1955.

Thomas A. Flanagan, Boston, Mass., with whom Nathan Learner and Flanagan & Learner, Boston, Mass., were on brief, for appellant.

Arthur I. Weinberg, Asst. U. S. Atty., with whom Anthony Julian, U. S. Atty., Boston, Mass., was on brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

The appellant was indicted in eight counts for falsifying, or causing to be falsified, payroll time cards of the Post Office Department, and for presenting false claims for wages to that department. Four counts allege offenses during December 1949, and the other four counts allege offenses during December 1950. A trial by jury on a plea of not guilty resulted in a verdict of not guilty on the counts alleging offenses in December 1949, and guilty on the counts alleging offenses in December 1950. The court sentenced to probation for two years conditioned upon restitution to the Post Office Department of $72.17 within six months.

On this appeal from the judgment of sentence the appellant contends that error was committed below in denying his motion for judgment of acquittal, in failing to require the jury to return a special verdict instead of the general verdict usual in criminal cases, and in the charge. None of these contentions deserves extended consideration. It will suffice to say that the record discloses sufficient evidence to support the verdict of guilty on the four counts alleging

offenses in December 1950, that counsel for the appellant did not ask the court below to submit the case to the jury for a special verdict, and that instead of objecting to the charge before the jury retired to consider its verdict as required by Rule 30 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., he said to the court at that time, "I am satisfied." Furthermore, reading the charge does not disclose any plain error or defect affecting substantial rights calling for notice by this court under Rule 52(b), Id. On the contrary, the charge is clear, complete, and accurate.

The judgment of the District Court is affirmed.